# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TUGAW RANCHES, LLC,<br><br>    Plaintiff,<br><br>    and<br><br>C.L. "BUTCH" OTTER, SCOTT BEDKE, and BRENT HILL,<br><br>    Plaintiffs-Intervenors,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR *et al.*,<br><br>    Defendants. | Case No. 4:18-cv-00159-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is proposed Defendants-Intervenors National Audubon Society and The Wilderness Society's Motion to Lift Stay. Dkt. 54. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court finds good cause to DENY the Motion at this time.

## II. BACKGROUND

On December 20, 2019, Proposed Defendants-Intervenors filed a motion to

Intervene in this lawsuit. Dkt. 50. This case, however, has been stayed since April 10, 2019.[1] Dkt. 47. Therefore, in conjunction with their Motion to Intervene, Proposed Defendants-Intervenors filed a Motion to Lift Stay so that their Motion to Intervene could be heard.

Plaintiff (Tugaw Ranches), Plaintiffs-Intervenors (C.L. "Butch" Otter et al.), and Defendants (United States Department of the Interior, et al.) oppose Proposed Defendants-Intervenors' Motion. Dkts. 55, 56.

### III. LEGAL STANDARD

The power to issue a stay "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "The same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002).

In imposing or lifting a stay, courts weigh the "hardship or inequity" to the parties and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

### IV. ANALYSIS

At the outset, Proposed Defendants-Intervenors argue that keeping the current stay

---

[1] On a joint motion filed by the parties, the Court stayed this case in light of the fact that the Forest Service was in the process of revising its 2015 Amendments and submitting the same to Congress for review.

in place would be "at odds" with the Federal Rules of Civil Procedure because the rules support "liberal intervention." This argument, however, fails to appreciate the reality that the stay in this case is in place for a very good reason—the ongoing revision and submission to Congress of Forest Service plans that may affect eleven western states. Liberal intervention aside, Proposed Defendants-Intervenors would have the ends (a potentially favorable decision on their motion to intervene) justify the means (doing away with the current stay). The Court cannot accept such a proposition. The purpose of the stay in this case has yet to be accomplished. No circumstances have changed.[2]

Proposed Defendants-Intervenors, claim, however, that their motion, in itself, is a changed circumstance worthy of lifting the stay. They are concerned that if they do not have a chance to enter the case at the current juncture, they might lose their chance altogether. That is true. But that reason alone is insufficient to overcome the burden of a stay specifically put in place to streamline this litigation.

The sole reason Proposed Defendants-Intervenors offer for lifting the stay is their speculation that "this case will shortly proceed to the merits or [] the parties will settle on terms that threaten the sage-grouse[,]" which would be adverse to their interests. Dkt. 54-1, at 2. Be that as it may, this is only an assumption, and even assuming arguendo that there

---

[2] Furthermore, Proposed Defendants-Intervenors contention that "the Court's maintenance of a total stay would be tantamount to a non-appealable denial of Applicants' Motion to Intervene" (Dkt. 58, at 3) is an over-dramatization of options before the Court. Just because the Court does not find that lifting the stay at this time is warranted, that does not mean that the Court won't lift the stay at a later time.

will shortly be some movement in this case, there is nothing precluding Proposed Defendants-Intervenors from seeking intervention at that time.

Turning to Plaintiff, Plaintiff-Intervenors, and Defendants' arguments opposing the request, the Court notes that it is not as concerned with timing,[3] or even the burden on these parties,[4] as it is with disrupting the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX,* 300 F.2d at 268.

The threshold question of whether this Court even had jurisdiction to review the claims at issue in this case was extremely complicated. The case involves other weighty issues—some of which involve actions that must be taken by other branches of government. Simply put, lifting the stay to deal with other matters at this point may materially affect the scope of the case and actions that have already been taken. Furthermore, the present stay expires in just a few days on January 8, 2020. The parties must then submit a status report which will include additional information on the necessity and length of a continued stay.

All of these observations, coupled with the fact that the Forest Service is complying with the stay (by revising and submitting its rule changes to Congress), illustrate that

---

[3] Plaintiffs and Defendants fault Proposed Defendants-Intervenors for the timing of the motion. While the motion *could* have been filed sooner, the fact that it was filed at this time is not dispositive in itself.

[4] As Proposed Defendants-Intervenors correctly point out "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

adding another party to this case—or even briefing whether another party should be added to this case—could complicate issues that are already complicated enough.

For these reasons, immediate consideration of the motion to intervene is unnecessary and would waste litigant and judicial resources. The stay will not be lifted at this time.[5]

## V. ORDER

**IT IS ORDERED:**

1. Defendants' Motion to Lift Stay (Dkt. 54) is DENIED without prejudice.

2. The parties' joint status update is due on or before January 8, 2020, and should include the status of the Forest Service's revisions, any actions taking by Congress, and whether an extension of the stay is warranted and why.

3. The briefing on the Motion to Intervene is vacated until further notice.

DATED: January 6, 2020

David C. Nye
Chief U.S. District Court Judge

---

[5] The Court recognizes that Proposed Defendants-Intervenors have an interest in this case. The Court further recognizes that Proposed Defendants-Intervenors may lose the opportunity to express that interest if not allowed to intervene. However, while the Proposed Defendant-Intervenors' end (intervention) is relevant, the Court finds it does not justify the means. The primary purpose of the stay must be upheld.